IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIRSAD MEHIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cv-855-RJD |
| v. ) | |
| ) | |
| GOGA TRUCKING, INC. and SHAHRAM ) | |
| POURFAHIMI, ) | |
| ) | |
| Defendant. | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff's Complaint (Doc. 1) alleges that on May 13, 2022, he was acting within the course and scope of his employment as he drove a tractor-trailer on Interstate 70. He came upon a tractor trailer driven by Defendant Pourfahimi and collided with it. Plaintiff alleges that Defendant Pourfahimi was driving at an "unreasonably slow speed" and that Plaintiff was unable to stop his tractor trailer to avoid colliding with the rear end of Defendant's tractor trailer. Plaintiff was issued a citation for failure to reduce speed to avoid accident, but the citation was later dismissed. At the time of the accident, Defendant Pourfahimi was allegedly driving the tractor trailer within the scope and course of his employment with Goga Trucking, Inc.

This matter now comes before the Court on a discovery dispute between the parties. In June 2023, Plaintiff sent written discovery to Defendants, including a request for Defendant Pourfahimi's driving logs. Defendants have never produced these logs. At the discovery dispute conference, the Court learned that within weeks following the accident, Plaintiff's counsel sent an evidence preservation letter to Goga Trucking, Inc. Goga Trucking's safety director then

forwarded Defendant Pourfahimi's driving logs to defense counsel; at that time, Defendants' attorneys (at least some of them) were working at a different law firm. Two years later, Defendants' attorneys cannot locate the logs and informed the Court that they cannot produce what they do not have.  However, they have never amended their discovery responses to reflect that they do not have the driving logs.  Their original response to Plaintiff's written discovery simply states "investigation continues."  On or before May 1, 2024, Defendants shall supplement their discovery responses to reflect that they do not possess Defendant Pourfahimi's driving logs.  Also in their supplemental responses, Defendants shall describe all of the steps they and their attorneys took to preserve the driving logs after the accident, when they learned they no longer possessed the logs, and all of the steps they have taken to attempt to retrieve the logs.

Defendants also asked the Court to rule on Plaintiff's objections to various subpoenas issued by Defendants for Plaintiff's "internal monitoring" driving records from SpeedGauge (a third-party fleet monitoring company), Department of Transportation Medical Clearance History, and "associated medical records."  Plaintiff objects that his SpeedGauge records are not relevant because, at the time of the accident, he was driving a truck that could not exceed 65 miles per hour. Defendants' subpoena seeks Plaintiff's driving records from 10 years prior to the accident. Plaintiff explains that he was driving a different truck-one that did not have a speed limiter-for most of that period.  Defendants contend that Plaintiff's driving records are relevant to their potential third-party claim against Plaintiff's employer, and also to show that Plaintiff habitually drove at a speed that was too fast for conditions.  While the Court questions the admissibility of these records to show Plaintiff's driving habits, Defendants have otherwise provided sufficient explanations for the relevancy and discoverability of Plaintiff's SpeedGauge records and Plaintiff's relevancy objection is overruled.

Regarding Defendants' subpoenas for Plaintiff's Department of Transportation Medical Clearance History and "associated medical records" for ten years prior to the accident, the undersigned is currently not in a position to rule on Plaintiff's objections. At the discovery dispute conference, Plaintiff's counsel primarily rested on a relevancy objection, but also contending that the ten-year time period was too intrusive. The Court notes that throughout the discovery dispute conference, Plaintiff's counsel repeatedly emphasized that Plaintiff has severe and permanent injuries. Under these circumstances, the Court is inclined to find that 10 years of Plaintiff's medical records is discoverable. However, without seeing the actual subpoenas for Plaintiff's medical records and without a better explanation as to the types of medical records sought, the undersigned declines to rule on Plaintiff's objections. If necessary, the Court will revisit these issues on Motions to Quash.

**IT IS SO ORDERED.**

**DATED: April 24, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**