IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIRSAD MEHIC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-cv-855-RJD |
| GOGA TRUCKING, INC. and SHAHRAM POURFAHIMI, | ) |
| Defendants/Third Party Plaintiffs, | ) |
| v. | ) |
| MIDWEST FREIGHT SYSTEMS CORP. | ) |
| Third Party Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff's Complaint (Doc. 1) alleges that on May 13, 2022, he was acting within the course and scope of his employment with Midwest Freight Systems, Corp. as he drove a tractor-trailer on Interstate 70. He came upon a tractor trailer driven by Defendant Pourfahimi and collided with it. Doc. 1, ¶5. At the time of the accident, Defendant Pourfahimi was allegedly driving the tractor trailer within the scope and course of his employment with Goga Trucking, Inc. Id. ¶5. Plaintiff filed suit against Defendants Pourfahimi and Goga Trucking ("Goga"). Defendants Goga and Pourfahimi appeared, answered, and later filed a third-party contribution claim against Midwest Freight Systems, Inc. Docs. 11-13, 46.

At some point, Defendant Pourfahimi died. Doc. 67. His attorneys filed a Suggestion of Death that named four potential interested non-parties: Pourfahimi's niece, mother, father, and a

possible sibling. *Id*. Pourfahimi's attorneys served his potential sibling with the suggestion of death on January 22, 2025. Doc. 69. More than ninety days passed with no Motion to substitute Defendant Pourfahimi with his personal representative or successors. In the meantime, the parties informed the Court that they settled "all claims and third party claims associated with this matter." Doc. 70. However, after Pourfahimi's death, his attorneys could not settle any claim on his behalf because those attorneys no longer represented Pourfahimi. *Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008).

Nevertheless, now that the 90-day period for substitution has expired, the Court may dismiss the claims by and against Pourfahimi. Fed. R. Civ. P. 25(a)(1). The Court considers whether to dismiss those claims with or without prejudice. Rule 25 does not provide direction, nor have any of the parties filed any type of motion or briefing on this issue. The Court has not found case law-either from the Seventh Circuit or elsewhere-directly on point, though there are obvious circumstances where dismissal without prejudice is appropriate. For example, where an interested party is in the process of seeking appointment as a personal representative of the decedent at the time the 90-day period expires, dismissal without prejudice Federal Rule of Civil Procedure 41(b) (dismissal for failure to prosecute) may be appropriate to "allow[] for timely refiling if and when…someone… is actually appointed the executor." *McDonald v. Medina City Board of Education*, Case No. 19-cv-334, 2020 WL 2085144, *1-3 (O.H.N.D. Apr. 30, 2023).

No such circumstances have been brought to the Court's attention in this case. The Court considers that when a litigant dies, dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b) could be an option to avoid finding and serving interested non-parties. It makes sense that the purpose of serving interested non-parties and invoking the 90-day deadline in Rule 25(a) is to give assurance to the remaining litigants that the deceased litigant's claims will not be

resurrected. Accordingly, the claims by Pourfahimi against Midwest Freight Systems Corp., as well as Plaintiff's claims against Pourfahimi, are DISMISSED WITH PREJUDICE.

Pursuant to the parties' settlement agreement, all remaining claims are dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly. Each party shall bear its own costs, unless otherwise noted in the settlement agreement.

**IT IS SO ORDERED.**

**DATED: May 13, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**